**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619) 272-7014
Fax:(619) 330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AREZO HARIS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>SOOTHE, INC.,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Arezo Haris ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant to stop its practice of sending unsolicited text messages to consumers.  In particular, Defendant texts cellular telephones using an automatic telephone dialing system in order to deliver telemarketing messages without their prior express written express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Accordingly, Plaintiff seeks damages and injunctive relief for himself and all other similarly situated.

2. According to its website, "Soothe is the world's largest and fastest-growing on demand massage service, bringing the healing power of massage to your home, office, or hotel in as little as an hour.  Launched in 2013, Soothe is now in over 50 major cities across the U.S., U.K., Canada, and Australia."

3. Defendant engaged in telemarketing/advertising, directly and/or through its authorized agents acting on Defendant's behalf, by text messaging cellular telephone numbers throughout California and the greater United States after October 16, 2013, using both an automatic telephone dialing system to deliver a message or short message service (otherwise known as "text messaging" or a "text message") without the prior unambiguous written express consent of the called party.

**PARTIES**

4. Plaintiff Arezo Haris is, and at all times mentioned herein was, a resident of Alameda County and a citizen of the State of California.

5. Defendant Soothe, Inc. is a Delaware corporation with its principal place of business located at 1800 North Highland Avenue, Suite 600, Los Angeles, California 90028.

**JURISDICTION AND VENUE**

6. For the reasons stated in in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740

CLASS ACTION COMPLAINT                                                                                         1

(2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.  This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the Class members; (b) some members of the Class members have a different citizenship from Defendant; and (c) the claims of the Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the Telephone Consumer Protection Act.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

### FACTS COMMON TO ALL CAUSES OF ACTION

**A.    The Telephone Consumer Protection Act of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.  Congress intended to provide consumers a choice how telemarketers may contact them, finding that "[e]vidence presented to Congress indicates that automated or prerecorded calls are a nuisance. . . ." Pub. L. No. 102-243, §12-13 (1991).  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

10. Among other things, the TCPA prohibits "initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . .".  According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are

costly and inconvenient. The FCC has stated that telemarketing occurs when a call is initiated and transmitted to a person for the purpose of promoting property, goods, or services. 47 C.F.R. §64.1200(a)(2)(iii); 47 C.F.R. §64.1200(f)(12); 18 FCC Rcd. 14014, 14098 ¶141 (FCC 2003).

11.  The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[r]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

12.  According to 47 U.S.C. §227(a)(1), the ban on telephone calls made by using an automatic telephone dialing system ("ATDS") extends to unsolicited autodialed text messages sent to cellular phones. *Gager v. Dell Fin. Servs., Inc.,* 727 F.3d 265, 269 n.2 (7th Cir. 2013); FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012 WL 5986338 (Nov. 29, 2012). The Federal Communications Commission has declared that unsolicited text messages are "[a]nnoying and time-consuming," as well as "[i]ntrusive and costly." FCC Guide, Spam: Unwanted Text Messages and Email, http://www.fcc.gov/guides/spam-unwanted-text-messages-and-email. Pursuant to 47 U.S.C. §227(b)(1)(A)(iii), it is illegal for Soothe to send unsolicited text messages to its users without their prior consent.

**B.   Soothe's Text Messages To Plaintiff**

13.  On or about November 15 and 16, 2017, Soothe, using the phone number (415) 938-5718, texted Plaintiff's cell phone at (925) *** - **** with multiple unsolicited non-emergency text messages.

14.  Defendant sent these text messages in order to promote, market, and to otherwise advertise its products and services.

15.  Prior to the text messages at issue in this action, Plaintiff never provided Soothe with prior express written consent to text him.

16.  Given the size of Defendant's business, and the generic nature of the text messages that Plaintiff received, there is little doubt that Defendant sent similar or identical text messages to

thousands of other consumers as well.

17. Soothe has caused actual concrete harm to Plaintiff and the Class members, because such individuals have been subjected to invasion of privacy, unwanted/intrusive text messages, have been required to pay cell phone service providers for unwanted text messages, lost use of their cell at the time of receiving the unwanted text message, wasted time on receipt of and reading of the unwanted text messages, and have been subjected to increased electricity charges from receipt of unwanted text messages.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated. Plaintiff proposes the following class ("Class"):

> All persons within the United States who received a text message from Defendant to their cellular telephone, at any time from four years prior to the filing of this Complaint through the dissemination of class notice, where the text message was sent through the use of an automatic telephone dialing system.

19. Plaintiff does not know the exact number of members in the Class, but reasonably believes based on the scale of Defendant's business, and the number of unsolicited text messages that they received, that the classes are so numerous that individual joinder would be impracticable.

20. Plaintiff and all members of the Class members have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages, the and violations of their statutory rights.

21. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class members can be identified easily through records maintained by Defendant. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions that may affect individual members of the Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Soothe sent Plaintiff and Class members text messages;

  b. Whether Soothe conduct was knowing and/or willful;

  c. Whether the text messages that Soothe sent violate the TCPA;

  d. Whether Soothe sent non-emergency text messages to Plaintiff and the Class members;

  e. Whether Soothe and/or its agents used an automatic telephone dialing system to transmit the unsolicited text message;

  f. Whether Soothe transmitted the unsolicited text messages to Plaintiff and Class members without consent;

  g. Whether Soothe is liable for damages; and

  h. Whether Soothe should be enjoined;

22. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

23. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

24. As persons who received text messages on their telephone using an artificial or prerecorded voice, without their prior express written consent, and Plaintiff asserts claims that are typical of each member of the class.  Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has no interests that are antagonistic to any member of the Class members.

25. Defendant has acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

CLASS ACTION COMPLAINT 5

# FIRST COUNT
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

26. Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

27. Defendant has utilized an ATDS to send unsolicited text message calls to Plaintiff and Class members' cell phone numbers.

28. Plaintiff and Class members did not provide Defendant with prior written consent to receive text messages from Defendant. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class members are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff and members of the Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the Class members the following relief against Defendant:

   a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

   b. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Class members $500.00 in statutory damages for each and every text message call that violated the TCPA;

   c. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class members treble damages, as

provided by statute, of up to $1,500.00 for each and every text message call that violated the TCPA;

d. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: January 5, 2018

**BURSOR & FISHER, P.A.**

By:  */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-Mail:   ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619)272-7014
Facsimile: (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*